**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEREMY CIENIAWA** | : | |
| | : | No. 3:17-CV-0796 |
| v. | : | |
| | : | Hon. Robert D. Mariani |
| **TROOPER BRIAN PALL**, et al. | : | |

# ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Defendants, Trooper Brian Pall, Trooper Michael Foux, Trooper Larry McDaniel, Officer Christopher Zukowsky, and Captain David Douglas's Motion for Summary Judgment, and Plaintiff, Jeremy Cieniawa's Response in Opposition thereto, it is hereby **ORDERED** and **DECREED** that:

1. Trooper Douglas is **DISMISSED** from this action without prejudice;

2. Plaintiff's prayer for compensation for emotional damages is **DISMISSED** without prejudice; and,

3. The remainder of Defendants' Motion for Summary Judgment is **DENIED**.

**BY THE COURT:**

_____
Hon. Robert D. Mariani, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEREMY CIENIAWA** | : | |
| | : | No. 3:17-CV-0796 |
| v. | : | |
| | : | Hon. Robert D. Mariani |
| **TROOPER BRIAN PALL**, et al. | : | |

**PLAINTIFF, JEREMY CIENIAWA'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Incorporating by reference Plaintiff, Jeremy Cieniawa's attached Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, as well as Plaintiff's Response to Defendants' Statement of Undisputed Material Facts and Plaintiff's Statement of Material and Disputed Facts, Plaintiff respectfully requests this Honorable Court deny Defendants' Motion and enter Plaintiff's proposed Order.

WHEREFORE, Plaintiff, Jeremy Cieniawa, by and through his undersigned counsel, respectfully requests this Honorable Court deny Defendants' Motion and enter Plaintiff's proposed Order.

Respectfully submitted,

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III, Esquire
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEREMY CIENIAWA** : | |
| : | No. 3:17-CV-0796 |
| v. : | |
| : | Hon. Robert D. Mariani |
| **TROOPER BRIAN PALL**, et al. : | |

**PLAINTIFF, JEREMY CIENIAWA'S MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Jeremy Cieniawa, by and through his undersigned counsel, hereby provides his Memorandum of Law in Support of Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment.

**I.   PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS.**

Plaintiff, Jeremy Cieniawa, by and through his undersigned counsel, respectfully incorporates his Response to Defendant's Statement of Undisputed Material Facts ("Defend. Stat."), filed concurrently, as if set forth at length herein.

**II.   PLAINTIFF'S STATEMENT OF MATERIAL FACTS.**

Plaintiff, Jeremy Cieniawa, by and through his undersigned counsel, respectfully incorporates his Statement of Material Facts ("Plain. Stat."), filed concurrently, as if set forth at length herein.

**II.   ARGUMENT**

   **A.   STANDARD FOR MOTION FOR SUMMARY JUDGMENT.**

The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *See Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038 (1977). When considering a

motion for summary judgment, this Court shall grant such motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id.* Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); s*ee also Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir.1992) ("A nonmoving party may not 'rest upon mere allegations, general denials or ... vague statements ....") (citations omitted).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992). When reviewing a motion for summary judgment, this Court should resolve all reasonable doubts and inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The inquiry into whether a "genuine issue" of material fact exists has been defined by the Supreme Court as whether "the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Anderson*, 477 U.S. at 248. A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Id*.

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 482 n. 1 (3d Cir.2001) (*citing Celotex Corp.*, 477 U.S. at 322); *accord* Fed.R.Civ.P. 56(c).

Here, Summary Judgment on Count I, Excessive Force / Assault & is not appropriate due to genuine issues of material facts. *See* Plain. Stat.; *see also* Plaintiff's Response to Defend. Stat.

**B.  GENUINE ISSUES OF MATERIAL FACT CONCERNING THE EXTENT TO WHICH DEFENDANTS USED EXCESSIVE FORCE ON PLAINTIFF PRECLUDE SUMMARY JUDGMENT IN THIS MATTER.**

Genuine issues of material fact concerning the extent to which Defendants, Pall, Foux, McDaniel, and Zukowsky used excessive force on Plaintiff precludes summary judgment in this matter. *See* Plain. Stat.; *see also* Plaintiff's Response to Defend. Stat. *See also Celotex Corp.*, 477 U.S. at 323; *Pearson*, 247 F.3d at 482 n. 1; *accord* Fed.R.Civ.P. 56(c). Although Defendants allege that their use of force was reasonable under the circumstances, the basis of their conclusion is based exclusively on disputed facts. It is well settled that the existence of disputed and material facts underlying the use of excessive force requires the reasonableness of the use of excessive force to be submitted to a jury. *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002). *See also Sharrar v. Felsing*, 128 F.3d 810, 828 (3d Cir. 1997); *see also Karnes v. Skrutski*, 62 F.3d 485, 499 (3d Cir. 1995). Likewise, it is not appropriate for this Honorable Court to make credibility determinations, but instead, must submit such determinations to a jury. *See Anderson*, 477 U.S. at 249. *Big Apple BMW, Inc.*, 974 F.2d at 1363.

Here, the following genuine issues of material fact concerning the extent to which Defendants, Pall, Foux, McDaniel, and Zukowsky used excessive force on Plaintiff, and the circumstances thereof, preclude summary judgment in this matter:

1. Whether Defendant, Pall repeatedly slammed the police cruiser door on Plaintiff's previously-injured leg. Plaintiff contends that Defendant, Pall repeatedly slammed the police cruiser door on Plaintiff's leg. *See* Exhibit A, 21:12-21:16. Conversely, Defendant, Pall testified that he placed Plaintiff in the police cruiser, seemingly without slamming the police cruiser door on Plaintiff. *See* Exhibit C, 22:16-22:18.

2. The extent to which Defendant, Pall used excessive force in the rear of the original police cruiser. Plaintiff contends that Defendant, Pall punched Plaintiff in the face three to four times. *See* Exhibit A, 22:5-22:7; 23:1-23:20. Conversely, Defendant, Pall testified that he smacked Plaintiff multiple times. *See* Exhibit G to Defendants' Motion. *See also* Exhibit B, Page 14.

3. The extent to which Plaintiff fled from the original police cruiser. Plaintiff contends that he only exited the police cruiser (after being punched in the face several times) in order to place pressure on his re-injured leg before being tackled to the ground. *See* Exhibit A, 24:12-24:14; 25:1-25:16. Conversely, Defendants, Pall and Foux contend that Plaintiff attempted to flee the large parking lot, running across the parking lot, on foot. *See* Exhibit B, Pages 9, 14.

4. Whether Plaintiff bit Defendant, Zukowsky. Defendant, Zukowsky contends that Plaintiff bit him. *See* Exhibit B, Page 12. Conversely, Plaintiff denies biting Defendant, Zukowsky. *See* Exhibit A, 32:9-32:13.

5. Whether Defendants, Pall, Foux, McDaniel, and Zukowsky used excessive force after Plaintiff was taken out of the original police cruiser. Plaintiff contends that Defendants, Pall, Foux, McDaniel, and Zukowsky kicked Plaintiff repeatedly while one of them hit Plaintiff repeatedly on the back with a flashlight. *See* Exhibit A, 25:24-26:5. Conversely, Defendants, Pall, Foux, McDaniel, and Zukowsky deny that they kicked or hit Plaintiff. *See* Def. Resp. to Plain. Stat., ¶ 20. *See also* Exhibit H to Defendants' Motion.

Notably, the video evidence, which mostly provides only a partial audio account of the incident, does not exclusively provide evidence to clarify the above genuine disputes of material facts. *See* Exhibit D to Defendants' Motion.

Further, when applying the appropriate standard - viewing the facts in the light most favorable to the non-moving party – Defendants, Pall, Foux, McDaniel, and Zukowsky's actions were unreasonable and constitute excessive force in violation of Plaintiff's constitutional rights. When accepting the facts in the light most favorable to the nonmoving party, Defendants, Pall, Foux, McDaniel, and Zukowsky kicked and beat Plaintiff with a flashlight because – apparently in their minds – Plaintiff was not being sufficiently cooperative. *See* Exhibit A, 25:24-26:5. Likewise, Defendant, Pall punched Plaintiff in the face because – apparently in his mind – Plaintiff would not move his leg into the vehicle. *See* Exhibit A, 22:5-22:7; 23:1-23:20. *See also* Exhibit B, Pages 9, 14. At no time have Defendants alleged they were in danger or that Plaintiff had a weapon. Under these circumstances – in applying the appropriate standard – the force used was unnecessary, vastly excessive, and a violation of Plaintiff's Constitutional rights.

Due to the numerous genuine issues of material fact concerning the extent to which Defendants, Pall, Foux, McDaniel, and Zukowsky used excessive force on Plaintiff, and the circumstances thereof, this Honorable Court must deny Defendants' Motion for Summary Judgment in this matter. *See also Celotex Corp.*, 477 U.S. at 323; *Pearson*, 247 F.3d at 482 n. 1; *accord* Fed.R.Civ.P. 56(c).

      **C.**      **DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR THEIR USE OF FORCE AS THIS HONORABLE COURT MUST VIEW THE FACTS IN THE LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY.**

Defendants, Pall, Foux, McDaniel, and Zukowsky are not entitled to Qualified Immunity for their use of force as this Honorable Court must view the facts in the light most favorable to the non-moving party. *See Pearson*, 247 F.3d at 482 n. 1 (*citing Celotex Corp.*, 477 U.S. at 322); *accord* Fed.R.Civ.P. 56(c). *See also, Kane v. Barger*, 17-3027, 2018 WL 4000068, at *4 (3d Cir. Aug. 22, 2018). "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *See Kane*, 17-3027, at *4. The Court is to conduct a two-step inquiry to determine whether a government official is entitled to qualified immunity. "First, we ask whether the facts—taken in the light most favorable to the nonmoving party—show that a government official violated a constitutional right." *Id* (citations omitted). "Second, we ask whether that right was clearly established at the time of the official's actions." *Id* (citations omitted). See Section B above for the first step of this analysis.

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *See Kane*, 17-3027, at *6.

Here, when accepting the facts in the light most favorable to the nonmoving party, Defendants, Pall, Foux, McDaniel, and Zukowsky kicked and beat Plaintiff with a flashlight

because – apparently in their minds – Plaintiff was not being sufficiently cooperative. *See* Exhibit A, 25:24-26:5. Likewise, Defendant, Pall punched Plaintiff in the face because – apparently in his mind – Plaintiff would not move his leg into the vehicle. *See* Exhibit A, 22:5-22:7; 23:1-23:20. *See also* Exhibit B, Pages 9, 14. At no time have Defendants alleged they were in danger or that Plaintiff had a weapon. Under these circumstances – in applying the appropriate standard – every reasonable officer would have understood that such a beating was unnecessary, vastly excessive, and a violation of Plaintiff's Constitutional rights. *See Kane*, 17-3027, at *6. Accepting the facts and inferences therefrom in the light most favorable to Plaintiff, Defendants, Pall, Foux, McDaniel, and Zukowsky are not entitled to Qualified Immunity and this Honorable Court must deny Defendants' Motion for Summary Judgment in this matter. *See Pearson*, 247 F.3d at 482 n. 1 (*citing Celotex Corp.*, 477 U.S. at 322); *accord* Fed.R.Civ.P. 56(c). *See also, Kane*, 17-3027, at *4-6.

### IV. CONCESSIONS

Plaintiff respectfully withdraws his prayer for compensatory damages for the emotional distress he endured as a result of the underlying incident.

Plaintiff respectfully withdraws any claim against Trooper Douglas.

### V. CONCLUSION

For the foregoing reasons, Plaintiff, Jeremy Cieniawa, by and through his undersigned counsel, respectfully requests this Honorable Court deny Defendants' Motion and enter Plaintiff's proposed Order.

WHEREFORE, Plaintiff, Jeremy Cieniawa, by and through his undersigned counsel, respectfully requests this Honorable Court deny Defendants' Motion and enter Plaintiff's proposed Order.

Respectfully submitted,

**WEISBERG LAW**

  */s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III, Esquire
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEREMY CIENIAWA** | : | |
| | : | No. 3:17-CV-0796 |
| v. | : | |
| | : | Hon. Robert D. Mariani |
| **TROOPER BRIAN PALL**, et al. | : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 5th day of September, 2018, a true and correct copy of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, Plaintiff's Memorandum of Law in support thereof, Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, and Plaintiff's Statement of Material Facts was served via ECF upon the following party:

Daniel J. Gallagher, Esq.
Office of the Attorney General
Strawberry Squire, 15th Floor
Harrisburg, PA 17120

                                                        **WEISBERG LAW**

                                                        */s/ Matthew B. Weisberg*
                                                        Matthew B. Weisberg, Esquire
                                                        L. Anthony DiJiacomo, III, Esquire
                                                        *Attorneys for Plaintiff*