# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY CIENIAWA, | : | |
| | : | |
| Plaintiff, | : | No. 3:17-CV-0796 |
| | : | |
| v. | : | Honorable Robert D. Mariani |
| | : | |
| TROOPER BRIAN PALL, | : | Electronically Filed Document |
| TROOPER MICHAEL FOUX, | : | |
| TROOPER LARRY MCDANIEL, | : | |
| OFFICER CHRISTOPHER | : | |
| ZUKOWSKY, CAPTAIN DAVID | : | |
| DOUGALAS, BOROUGH OF | : | |
| WEST HAZLETON d/b/a WEST | : | |
| HAZLETON POLICE | : | |
| DEPARTMENT, AND CHIEF | : | |
| BRIAN BUGLIO, | : | |
| Defendants. | : | |

## REPLY BRIEF OF DEFENDANTS, DOUGALAS, PALL, FOUX, McDANIEL, AND ZUKOWSKY

**I. INTRODUCTION**

Defendants assert that the Plaintiff's judicial admission that he resisted arrest and fled from the Troopers on May 27, 2013 supports the Defendants' Motion for Summary Judgment. He resisted arrest and fled because he knew he had an outstanding warrant against him. The Troopers' actions in restraining him were reasonable.

The Plaintiff's opposition is unavailing. Defendants will address those issues which need to be clarified in this Brief.

## II. FACTS

Defendants filed a Motion for Summary Judgment on August 1, 2018 with a Statement of Material Facts, followed by a Brief in Support of the Motion on August 15, 2018 (DOC 37, 38, 39 and 40). Plaintiff filed a timely Brief in Opposition to the Motion (DOC 41). Since the Brief in Opposition agrees that Trooper Dougalas should be dismissed without prejudice, and the psychological claim should be dismissed, those issues are determined and judgment should be entered on those issues ( see DOC 41). This Brief will deal with those issues which continue to be opposed by Plaintiff, but Defendants will not rebut the entire Brief in Opposition.  Defendants stand on their Brief in Support of Summary Judgment regarding those matters.

## III. ARGUMENT

It is acknowledged that the video of the arrest is of limited help in deciding the issues because of the way Trooper Pall's unit was pointed in the parking lot. However, the audio tape does shed light on the situation, and it also demonstrates that the Plaintiff was yelling and screaming in an attempt to support his eventual claim.  Since there is no medical support for his allegations regarding being struck by a type of flashlight that Troopers *do not* carry as well as his claim of having a

door slammed on his leg, those allegations should be ignored. This is particularly true since the medical records do not even contain complaints regarding those allegations (See DOC 39, Geisinger Medical Records). Remarkably, the medical records *do* demonstrate that he separated his own shoulder in a failed attempt to avoid being jailed (DOC 40, Exhibit L, DEF 272). Finally, his multiple false statements demonstrate that his testimony is not worthy of belief (*See* DOC 40, pp. 8-11).

Plaintiff now claims he did not read the Complaint. His deposition performance demonstrates otherwise. Although, inexplicably, the Complaint was not verified, he admitted in his deposition that he saw it and read it (DOC 39, Exhibit C, pp. 61-65). In his deposition, he denied fleeing, despite the fact that there is a judicial admission he did so (DOC 39, Exhibit B). Further, his Complaint does not allege that his leg was slammed in the door, despite the fact that it was filed under Pennsylvania State Court fact pleading rules. Therefore, there is no claim for this allegation, *See Devine v. Hutt,* 863 A.2d 1160, 1168 (2004). This is even more noteworthy since even after the deposition, the Complaint was not amended (See docket).

His admissions to resisting arrest and flight justify the force used, as set forth more fully in Defendants' Brief in Support of Summary Judgment (DOC 40, pp. 6-9). He now wants to back out of those admissions, but the Plaintiff cannot

now refute those factual statements made in his plea colloquy because it is now inconvenient to him, *See Schomburg v. Dow Jones & Co.,* 504 Fed. Appx. 100 (2012) and *M.B., a Minor v. City of Philadelphia,* 128 Fed. Appx. 217 (2005). Further, his failure to admit the use of cocaine, which is clearly relevant to his bizarre behavior demonstrated on the audio, is refuted by the medical records ( DOC 39, Exhibit I, pp. 1-2).

Defendants also stand on their argument regarding Qualified Immunity in their initial Brief (DOC 40, pp. 11-13). Plaintiff attempts to refute this with the allegations concerning Plaintiff being beaten by a flashlight and having his leg slammed in the door (DOC 41, pp. 8-9). The medical records contain no such history, and there are no complaints about injuries to the back of his head (DOC 39, Exhibit J). Further, there is no claim stated for the allegation of having his leg slammed in the door, and the Complaint was not amended after the deposition to include such an allegation. Since the Complaint was filed under state court fact pleading rules, the failure to state, or amend the claim should result in its dismissal, *See Schomburg,* and *M.B., a Minor,* Id.

While Plaintiff makes an extraordinary attempt to avoid the facts, he fails to do so. The Defendants' Motion for Summary Judgment should be granted as a result.

## IV.  CONCLUSION

Based on the foregoing, the Defendants respectfully request that their Motion for Summary Judgment be granted.

                                            **Respectfully submitted,**

                                            **JOSH SHAPIRO**
                                            **Attorney General**

                                      **By:**  *s/ Daniel J. Gallagher*
                                            **DANIEL J. GALLAGHER**

**Office of Attorney General**          **Deputy Attorney General**
**15th Floor, Strawberry Square**     **Attorney ID 30451**
**Harrisburg, PA 17120**
**Phone: (717) 783-2034**             **KELI  M. NEARY**
                                            **Chief Deputy Attorney General**
[dgallagher@attorneygeneral.gov](mailto:dgallagher@attorneygeneral.gov)    **Chief, Civil Litigation Section**

**Date: October 19, 2018**             *Counsel for Defendants Pall, Foux,*
                                            *McDaniel and Zukowsky and Dougalas*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY CIENIAWA,** | : | |
| | : | |
| Plaintiff, | : | No. 3:17-CV-0796 |
| | : | |
| v. | : | Honorable Robert D. Mariani |
| | : | |
| **TROOPER BRIAN PALL,** | : | **Electronically Filed Document** |
| **TROOPER MICHAEL FOUX,** | : | |
| **TROOPER LARRY MCDANIEL,** | : | |
| **OFFICER CHRISTOPHER** | : | |
| **ZUKOWSKY, CAPTAIN DAVID** | : | |
| **DOUGALAS, BOROUGH OF** | : | |
| **WEST HAZLETON d/b/a WEST** | : | |
| **HAZLETON POLICE** | : | |
| **DEPARTMENT, AND CHIEF** | : | |
| **BRIAN BUGLIO,** | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Daniel J. Gallagher, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 19, 2018, I caused to be served a true and correct copy of the foregoing document titled Reply Brief to the following:

**VIA ECF:**

**Matthew B. Weisberg, Esq.**
**L. Anthony DiJiacomo, III, Esq.**
7 South Morton Avenue
Morton, PA  19070
adijiacomo@weisberglawoffices.com
mweisberg@weisberglawoffices.com
*Counsel for Plaintiff*

        *s/ Daniel J. Gallagher*
        **DANIEL J. GALLAGHER**
        **Deputy Attorney General**