IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY CIENIAWA,  :
 :
        Plaintiff,  :
 :
    v.  :    **3:17-CV-00796**
 :    **(JUDGE MARIANI)**
TROOPER BRIAN PALL,  :
et al.,  :
 :
        Defendants.  :

## <u>MEMORANDUM OPINION</u>

### I. INTRODUCTION AND PROCEDURAL HISTORY

The pending action was filed by Plaintiff, Jeremy Cieniawa, in the Luzerne County

Court of Common Pleas, asserting one count of excessive force against Defendants,

Trooper Brian Pall, Trooper Michael Foux, Trooper Larry McDaniel, Officer Christopher

Zukowsky, and Captain David Douglas, and one count of excessive force under *Monell v.*

*Dep't of Social Services*, 436 U.S. 658 (1978), against Chief Brian Buglio and the Borough

of West Hazleton. (Doc. 1-2, at 16-17). Defendants thereafter removed this action to

federal court on June 6, 2017. (Doc. 1).

On December 28, 2017, the parties stipulated that Plaintiff's *Monell* claim against the

Borough of West Hazleton should be dismissed with prejudice, that Plaintiff's operative

Complaint was to be amended to name Defendants Christopher Zukowsky and David

Douglas as employees and officers of the Pennsylvania State Police (in their individual

capacities only), and that the excessive force claim was to be directed against all remaining

Defendants in their individual capacities (Doc. 27). This Court approved the stipulation on January 2, 2018. (Doc. 28).

Following the completion of fact discovery, Defendants filed a Motion for Summary Judgment (Doc. 37) asserting that Plaintiff's claim against Defendants should be dismissed as a matter of law because Defendants' use of force was reasonable under the circumstances (Doc. 40, at 6). Further, Defendants argue that even if it were found that there is a question of fact about the force used, Defendant Pall is protected by qualified immunity for his use of force. (*Id.* at 11). Additionally, Defendants argue that Plaintiff's "humiliation and emotional distress" claims should be dismissed. (*Id.* at 13).

Plaintiff, in his "Response in Opposition to Defendants' Motion for Summary Judgment," argues that summary judgment should be denied because there are outstanding disputes of material fact. (Doc. 41, at 6-7). In his brief, Plaintiff withdraws his prayer for compensatory damages for emotional distress and any claim against Trooper Douglas. (*Id.* at 9). Thus, Plaintiff's excessive force claim is the only remaining claim before the Court.

The parties have fully briefed the motion, and it is now ripe for adjudication. For the reasons set forth below, the Court will grant Defendants' Motion with respect to Defendant David Douglas and Plaintiff's prayer for compensatory damages for emotional distress and deny Defendants' Motion with respect to all other Defendants.

## II. STATEMENT OF UNDISPUTED FACTS[1]

Defendants have submitted a Statement of Material Facts (Doc. 38) as to which they submit there is no genuine issue or dispute for trial, as well as a number of exhibits attached thereto. Plaintiff submitted a Response to Defendants' Statement of Material Facts (Doc. 41-1). In addition, Plaintiff submitted a Statement of Material & Undisputed Facts (Doc. 41-2), as well as a number of exhibits, to which Defendants provided an Answer to Plaintiff's Statement of Material & Undisputed Facts (Doc. 48).

On May 26, 2013 (and into the morning of May 27, 2013), Defendants Pall and Foux pulled over a vehicle occupied by Plaintiff and driven by Jamaal Bandy (non-party) for speeding. (Doc. 41-2, ¶ 1; Doc. 48, ¶ 1). Upon being pulled over, Defendant Pall walked to the passenger side of the vehicle and recognized Plaintiff. (Doc. 41-2, ¶ 2; Doc. 48, ¶ 2). Plaintiff previously lied to Defendant Pall about his identity during a traffic stop in 2012, and he again lied to Defendant Pall about his identity during the traffic stop out of which this

---

[1] Because Defendants, as the moving parties, have the burden of showing that summary judgment is warranted, FED. R. CIV. P. 56(a), and the Local Rules require the moving parties to submit a statement of material facts to which Plaintiff is to respond, M.D. Pa. L.R. 56.1, the Statement of Undisputed Facts set out in the text of this opinion does not include facts presented in Plaintiff's Statement of Material and Disputed Facts (Doc. 41-2). However, because Defendants responded to Plaintiff's statement and accepted as true statements made therein for purposes of the summary judgment motion (Doc. 48), relevant facts asserted in Plaintiff's Counterstatement (Doc. 41-2), and admitted by Defendants, will be considered undisputed in the Analysis section of the Memorandum.

In addition to those paragraphs which Defendants specifically admitted, the following paragraphs of Defendants' Answer (Doc. 48) contain facts deemed undisputed on this basis: 16 (admitted that Trooper Pall and Foux tackled Plaintiff) and 17.

Defendants and Plaintiff provides citation to the record for all statements considered in this section of the Memorandum. (See Doc. 38; Doc. 41-2). The Court has verified citations but omits them from the recitation set out in the text.

action arose. (Doc. 38, ¶¶ 3-4; Doc. 41-1, ¶¶ 3-4). Moreover, Plaintiff was aware that there was a warrant for his arrest at the time of this incident. (Doc. 38, ¶ 8(c); Doc. 41-1, ¶ 7(c)).

After identifying Plaintiff, Defendant Pall handcuffed and searched Plaintiff (Doc. 41-2, ¶ 4; Doc. 48, ¶ 4). Plaintiff was subsequently brought to the police cruiser, although the manner in which he was brought to the police cruiser is in dispute. (See Doc. 41-2, ¶ 5; Doc. 48, ¶ 5). While in the back of the police cruiser, Plaintiff kicked the window of the cruiser (Doc. 41-2, ¶ 9; Doc. 48, ¶ 9), but did not damage the vehicle in any way (Doc. 41-2, ¶ 10; Doc. 48, ¶ 10). Defendant Pall then entered the vehicle. (Doc. 41-2, ¶ 12; Doc. 48, ¶ 12). Sometime thereafter, Plaintiff fled from the police cruiser while handcuffed. (Doc. 1-2, ¶ 16).[2]

---

[2] Though the record contains disputes of this fact, the Court concludes that this material fact is not in dispute. The Complaint states: "Fearing for his life, Plaintiff rolled out from underneath Pall and fled from the squad car while handcuffed." (Doc. 1-2, ¶ 16). In his brief and deposition, Plaintiff contends that he did not flee the car, but rather "that he only exited the police cruiser . . . in order to place pressure on his re-injured leg before being tackled to the ground." (Doc. 41, at 6; Doc. 41-3, 24:10-25:16). However, a party is bound by the concessions it makes in its pleadings because such concessions, unless subsequently amended, are judicial admissions. See Parilla v. IAP Worldwide Servs. VI, Inc., 368 F.3d 269, 275 (3d Cir. 2004). Thus, the allegation in Plaintiff's otherwise unaltered complaint, that Plaintiff fled from the police cruiser, is a judicial admission.

Plaintiff's Counsel attempts to explain the discrepancy based on the fact that Plaintiff's Complaint was filed without Plaintiff's verification and that Plaintiff did not even read the complaint prior to its filing. (Doc. 41-1, at ¶ 2):

By way of further answer, the Complaint was filed without a verification; it is further admitted that Plaintiff, Jeremy Cieniawa has never verified the facts of the Complaint. Further, it is denied that Plaintiff, Jeremy Cieniawa read the Complaint prior to its filing. In fact, from a review of Plaintiff's Deposition, it is clear that Plaintiff, Jeremy Cieniawa did not read the Complaint prior to its filing.

(Id.). The Court strongly disapproves of Counsel's conduct by not verifying the facts of the complaint. This is even more egregious in light of the fact that Plaintiff's Complaint contains a verification signed by Counsel. Plaintiff's counsel has a duty of candor pursuant to Rule 11 of FED. R. CIV. P. and Rule 3.3(a)(1)

4

Defendants Foux and Pall then chased Plaintiff to a nearby lot, tackled him to the ground, and returned him to the back of their squad car. (Doc. 41-2, ¶ 16; Doc. 48, ¶ 16). Defendants Zukowsky, McDaniel, and Douglas arrived on the scene when Plaintiff was again in the back of the squad car. (Doc. 41-2 ¶ 17; Doc. 48, ¶ 17). Plaintiff was subsequently put in leg restraints. (Doc. 41-2 ¶ 19; Doc. 48, ¶ 19). Although the timing is in dispute, Defendant Pall admitted that he struck Plaintiff in the face. (Doc. 41-2, ¶¶ 13, 21; Doc. 48, ¶¶ 13, 21).

## III. STANDARD OF REVIEW

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific

---

of the Rules of Professional Conduct to conduct reasonable inquiry into facts prior to alleging them in a complaint, and to correct false statements of material fact previously made to the tribunal. FED. R. CIV. P. 11 advisory committee's note to 1993 amendment; 204 PA. CODE § 81.4 r. 3.3(a)(1) (2019).

Here, Plaintiff's Counsel did not initially verify the complaint by consulting with his client and made no effort to subsequently correct what he now asserts was a falsehood. Such conduct is completely unacceptable and a basis for the imposition of sanctions on Counsel.

facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

6

When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

## IV. ANALYSIS

The only remaining claim of Plaintiff's Complaint alleges that Defendants violated Jeremy Cieniawa's constitutional rights to be free from the use of excessive force. (Doc. 1-2, ¶¶ 32-33). In the pending motion, Defendants argue that they are entitled to summary judgment on Plaintiff's excessive force claim on the basis that there is no genuine issue of material fact and that the facts do not establish that Defendants used excessive force. (Doc. 40, at 6-10). Further, even if there is a question as to whether Defendants used excessive force, Defendants argue that the claim against Defendant Pall should be dismissed because Defendant Pall is entitled to qualified immunity. (*Id.* at 11-13). The Court addresses both of these contentions below.

### A. Excessive Force

Defendants maintain that they are entitled to summary judgment on Plaintiff's excessive force claim because Defendants' actions were clearly reasonable. (Doc. 40, at 8). Plaintiff responds that there are a number of disputes of material fact regarding his excessive force claim which preclude summary judgment. (Doc. 41, at 6-7). Because necessary assessments of the credibility of the parties and the determination of the weight of evidence are at issue, but may not be resolved by the Court on summary judgment, the Court

concludes that Defendants did not satisfy their burden of showing that there are no disputes

of material fact.[3] Accordingly, summary judgment may not be granted on Plaintiff's

excessive force claim.

Claims that police officers used excessive force against a plaintiff, as in the instant

case, are properly treated as falling under the Fourth Amendment's prohibition on

unreasonable seizures. *See Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004)

("The Supreme Court has held that all claims of excessive force by police officers, in the

context of an arrest, investigatory stop, or other 'seizure,' should be analyzed under the

Fourth Amendment."). Thus, Plaintiff's claim for a violation of his constitutional right to be

---

[3] *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013):

> Under Rule 56, . . . a "court shall grant summary judgment if the movant shows that there is
> no genuine dispute as to any material fact and the movant is entitled to judgment as a matter
> of law." FED.R.CIV.P. 56(a). The party asserting that there is a genuine dispute of material
> fact must support that assertion by "citing to particular parts of ... the record, including
> depositions, documents, electronically stored information, affidavits or declarations,
> stipulations..., admissions, interrogatory answers, or other materials." FED.R.CIV.P.
> 56(c)(1)(A). In evaluating the motion, "the court must draw all reasonable inferences in favor
> of the nonmoving party, and it may not make credibility determinations or weigh the
> evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097,
> 147 L.Ed.2d 105 (2000).

716 F.3d at 772. *See also, Doebblers' Penn. Hybrids, Inc. v. Doebbler*, 442 F.3d 812, 820 (3d Cir. 2006)
(stating that credibility determinations "are inappropriate to the legal conclusions necessary to a ruling on
summary judgment. . . . A District Court should not weigh the evidence and determine the truth itself, but
should instead determine whether there is a genuine issue for trial."); *J. F. Feeser, Inc. v. Serv-A-Portion,
Inc.*, 909 F.2d. 1254, 1531 (3d Cir. 1990) ("We are keenly aware that credibility determinations are not the
function of the Judge; instead the non-movant's evidence must be credited at this stage.").

free from the use of excessive force amounts to a claim that his Fourth Amendment right was violated.

A police officer's "use of force contravenes the Fourth Amendment if it is excessive under objective standards of reasonableness." *Bennett v. Murphy,* 274 F.3d 133, 136 (3d Cir. 2002) (citing *Graham v. Connor,* 490 U.S. 386 (1989)). "The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, 'the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations.'" *Kopec v. Tate,* 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Graham,* 490 U.S. at 397). Reasonableness must be evaluated from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham,* 490 U.S. at 396. Relevant factors in determining whether an officer's use of force is objectively reasonable include:

the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight. A court in making a reasonableness assessment also may consider the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.

*Kopec,* 361 F.3d at 776-77 (internal citation omitted). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham,* 490 U.S. at 396-97.

Because of the importance of the surrounding circumstances, the Third Circuit has held that "[t]he reasonableness of the use of force is normally an issue for the jury." *Rivas*, 365 F.3d at 198. The absence of physical injury or contact does not necessarily mean that excessive force was not used. *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997).

Examining the "totality of the circumstances" in the present case, there are numerous disputes of material fact between the parties as to what occurred on the night of May 26, 2013. First, the nature and manner in which Plaintiff was placed into the police cruiser by Defendant Pall is disputed. Plaintiff, in his deposition and brief, contends that Defendant Pall "repeatedly slammed the police cruiser door on Plaintiff's leg" (Dep. of Cieniawa, Doc. 41-3, 21:3-20; Doc. 41, at 6). Conversely, Defendant Pall maintains that he placed Plaintiff in the police cruiser with no difficulty. (Dep. of Pall, Doc. 41-5, 22:13-23:10).

Second, the number of times Defendant Pall struck Plaintiff and the timing of that altercation are disputed. Defendant Pall admitted to "utiliz[ing] mechanical strikes in order to gain control and compliance of the plaintiff." (Decl. of Pall, Doc. 39-7, ¶ 21). However, Plaintiff contends that, prior to fleeing, "[w]hile Plaintiff was cuffed and detained in the squad car, Pall, without any necessity to affect [sic] the arrest, entered the back of the cruiser and pinned Plaintiff on his back, across the seat. He sat on Plaintiff's chest and abdomen and continued to punch him." (Doc. 1-2, at 14, ¶ 14; Dep. of Cieniawa, Doc. 41-3, 23:1-20). Plaintiff also testified in his deposition that, at this point, Defendant Pall punched him "three or four times" and "in the face." (Dep. of Cieniawa, Doc. 41-3, 23:8-10).

Finally, whether Defendants beat Plaintiff with a flashlight or repeatedly kicked

Plaintiff, after Plaintiff attempted to flee the officers and was placed in leg restraints, is

disputed. Plaintiff testified that he was kicked by three officers, while a fourth officer beat

Plaintiff on his back with a flashlight. (Dep. of Cieniawa, Doc. 41-3, 26:2-15). Defendants

completely deny these assertions and contend that the flashlights Defendants carried "are

not capable of being used in that fashion." (Doc. 38, ¶ 22; Decl. of Zukowsky, Doc. 39-8).

In short, this is an excessive force case that, in terms of evidence, is almost entirely

dependent on the divergent testimony of the various witnesses to the events of the evening

of May 26, 2013, as to who did what, to whom, when, and why. The appropriate amount of

force is a fact-driven inquiry, *Rivas*, 365 F.3d at 198, and many material facts remain in

dispute. Thus, the Court cannot simply credit Defendants' version of events over Plaintiff's

version of events, where Plaintiff has provided more than a mere "scintilla" of evidence that

suggests a genuine dispute of a material fact, and where resolving that dispute of fact

requires a determination of credibility. *See Williams v. West Chester*, 891 F.2d 458, 460 (3d

Cir. 1989).

Accordingly, after reviewing the record and the parties' briefing, Defendants have not

met their burden of establishing that there are no disputes of material fact.[4] Because the

---

[4] In reviewing the record, the Court viewed the video evidence proffered by Defendants. (Doc. 49).
As Defendants noted, most of the video does not depict the events at issue, and thus the video is mainly
useful for its audio. (Doc. 40, at 9). The Court, however, disagrees with Defendants' argument that the
audio, alone, refutes Plaintiff's version of the events (*id.*). This video is evidence to be presented to the jury
for trial. *See Guidotti*, 716 F.3d at 772.

Court cannot determine conclusively what force was used to effect Plaintiff's arrest, it follows that it also cannot determine whether any of Defendants' actions were reasonable under the Fourth Amendment or, alternatively, whether one or more of the Defendants engaged in the use of excessive force.

## B. Qualified Immunity

Defendants next argue that even if Defendants violated Plaintiff's constitutional rights, Defendant Pall is "shielded" by qualified immunity and thus entitled to summary judgment. (Doc. 40, at 11). Plaintiff contends that given the outstanding disputes of material fact on the excessive force claim, when viewed in the light most favorable to the non-moving party, the facts do not establish that Defendant Pall is entitled to qualified immunity. (Doc. 41, at 8-9). For the reasons discussed below, the Court concludes that summary judgment is not warranted on the basis that Defendant Pall is entitled to qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity serves the dual purpose of holding government officials

_____

The Court also notes that the parties dispute whether Plaintiff was under the influence of cocaine. Because both the materiality and truth of this fact are, at this point, unclear, for the purposes of deciding this Motion, further discussion of this issue is not warranted.

12

accountable when their power is exercised unreasonably and protecting those officials from "harassment, distraction, and liability when they perform their duties reasonably." See id. "Qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Id. (citing Groh v. Ramirez, 540 U.S. 551, 567 (2003) (Kennedy, J. dissenting)). Qualified immunity is "an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis deleted).

"Although qualified immunity is a question of law determined by the Court, when qualified immunity depends on disputed issues of fact, those issues must be determined by the jury." Monteiro v. City of Elizabeth, 436 F.3d 397, 405 (3d Cir. 2006) (citing Johnson v. Jones, 515 U.S. 304, 313 (1995)) (qualified immunity may turn on disputed issues of fact); Karnes v. Skrutski, 62 F.3d 485, 491 (3d Cir. 1995) ("While the qualified immunity defense is frequently determined by courts as a matter of law, a jury should decide disputed factual issues relevant to that determination.").

Defendants argue that "not every reasonable trooper or officer in their position would have understood 'beyond debate' that it would be an [sic] unconstitutional to punch Plaintiff to stop him from resisting arrest." (Doc. 40, at 12). However, Defendants' conclusory assertion fails to address the other potentially problematic conduct that Plaintiff alleges

Defendants engaged in or the factual issues with respect to the timing of the Defendants' conduct.[5]

In light of the above, the same factual disputes that prevent the Court from deciding, as a matter of law, that the force used by Defendants to effect the arrest was reasonable also prevent the Court from finding that Defendant Pall is entitled to qualified immunity. The Court cannot ascertain on the record before it what occurred on the night of May 26, 2013 and, therefore, cannot determine whether Defendant Pall violated a clearly established constitutional right owed to Plaintiff. For these reasons, the Court cannot grant summary judgment on Plaintiff's excessive force claim on the basis that Defendant Pall is entitled to qualified immunity.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion with respect to Defendant David Douglas and Plaintiff's prayer for compensatory damages for emotional distress and deny Defendants' Motion in all other respects and with respect to all other Defendants. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[5] Defendants in their brief in support of the motion for summary judgment identify Trooper Pall as the only individual as to whom qualified immunity should be granted. (Doc. 40, at 11-12). However, Defendants also argue that "[i]n light of the current qualified immunity standard, *Defendants* are entitled to immunity . . . ." (*Id*. at 12) (emphasis added).

14