IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY CIENIAWA, :
:
      Plaintiff, :
v. : 3:17-CV-796
: (JUDGE MARIANI)
TROOPER BRIAN PALL, et al. :
:
      Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

In April of 2017, Plaintiff Jeremy Cieniawa filed a Complaint in the Luzerne County Court of Common Pleas, alleging two counts of Excessive Force/Assault and Battery in violation of his Constitutional rights by Trooper Brian Pall, Trooper Michael Foux, Trooper Larry McDaniel, Officer Christopher Zukowsky, Captain David Dougalas, Chief Brian Buglio, and the Borough of West Hazleton. (Doc. 1-2, at 11-19). Defendants thereafter removed this action to federal court on May 4, 2017. (Doc. 1).

On December 28, 2017, the parties filed a stipulation dismissing Defendants Borough of West Hazleton and Brian Buglio, dismissing Plaintiff's *Monell* claim against the Borough of West Hazleton, dismissing Defendants Christopher Zukowsky and David Dougalas in their official capacities, amending Plaintiff's operative Complaint to name Defendants Christopher Zukowsky and David Dougalas as employees and officers of the Pennsylvania State Police (in their individual capacities only), and stating that the excessive

force/assault and battery claim was to be directed against all remaining Defendants in their individual capacities. (Doc. 27). This Court approved the stipulation on January 2, 2018. (Doc. 28).

Following the completion of fact discovery, Defendants filed a Motion for Summary Judgment (Doc. 37). On September 6, 2019, the Court granted the summary judgment motion with respect to Plaintiff's excessive force claim against Defendant Dougalas as well as with respect to Plaintiff's claim for compensatory damages and emotional distress. (Doc. 51, ¶ 1(a), (b)). The Court denied the motion for summary judgment with respect to Plaintiff's excessive force claim against remaining Defendants Pall, Foux, McDaniel, and Zukowsky. (*Id.* at ¶ 1(c)). Trial was thereafter scheduled to commence on March 16, 2020. (Doc. 55).

At the request of Plaintiff's counsel, trial was cancelled in November of 2019 and the action was stayed for a period of six months due to Plaintiff becoming incarcerated. (Docs. 57, 58).

On February 10, 2020, counsel for Plaintiff requested leave to withdraw from this action. (Doc. 59). Plaintiff's counsel supplemented their request in September, 2020, setting forth the specific bases in support of their motion to withdraw. (Doc. 61). On September 17, 2020, the Court granted Plaintiff's counsel's motion to withdraw, stayed this action for 60 days in order to provide Plaintiff adequate time to obtain new counsel, and informed Plaintiff that failure to timely obtain counsel would result in him proceeding *pro se*.

(Doc. 62). The Court further directed Plaintiff's counsel to cause a copy of the Order to be transmitted to Plaintiff and to file proof of this transmission. (*Id.*). Plaintiff's former counsel filed an Affidavit of Service on September 22, 2020, stating that they served the Court's Order on Plaintiff Cieniawa by certified mail (Doc. 63), and another Affidavit of Service on October 15, 2020, which included a certified mail receipt, signed by the recipient of the mail on September 23, 2020. (Doc. 64).

On December 22, 2020, no attorney having entered an appearance on behalf of Plaintiff, and Plaintiff having not filed any documents of record, including a request for an extension of the Court's stay or a letter indicating that he was attempting to secure counsel, the Court deemed Plaintiff to be proceeding *pro se*, lifted the stay in this matter, and scheduled a jury trial to commence on July 19, 2021. (Doc. 65).[1]

On May 4, 2021, the remaining Defendants filed a "Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b)" (Doc. 67). Defendants' accompanying brief in support of the motion states that counsel has sent Plaintiff two letters "asking for information regarding his plans to proceed" and has not received any response. (Doc. 68, at 2). Defendants assert that as a result, they "cannot determine the Plaintiff's intentions." (*Id.*).

On May 21, 2021, Plaintiff having not responded to the Defendants' motion, this Court issued an Order directing Plaintiff to respond to the motion within 14 days of the date of the

---

[1] Although the Court stayed this matter for 60 days, it waited an additional 30 days, or 90 days total, to lift the stay to afford Plaintiff additional time to obtain an attorney. The Court further scheduled trial to commence seven months after the date of its Order so that Plaintiff could have ample time to prepare for trial or continue to seek legal representation.

3

Order and advising Plaintiff that "[f]ailure to comply with this Order may result in dismissal of Plaintiff's action." (Doc. 69). The Court directed the Clerk of Court to mail a copy of the Order to Plaintiff by certified mail to Plaintiff's Wilkes-Barre address listed on the docket sheet as well as an address in Hazleton which was set forth in his former counsel's Affidavit of Service. (*Id.*). A certified mail receipt was filed of record on May 26, 2021, indicating that the Order had been delivered and signed for on May 24, 2021 at Plaintiff's Hazleton address. (Doc. 70).

Plaintiff's response to this Court's Order was due on or before June 4, 2021. To date, Plaintiff Cieniawa has not filed a response to this Court's Order or to Defendants' motion, nor has he filed any other documents of record or otherwise attempted to communicate with the Court.

The Court therefore deems Defendants' motion to dismiss ripe for resolution. For the reasons that follow, Defendants' "Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b)" (Doc. 67) will be granted.

## II. ANALYSIS

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure to prosecute. Unless stated otherwise, "a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

District Courts in the Third Circuit are required to balance six factors in determining whether to grant such a dismissal with prejudice. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

4

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant." *Mindel v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (internal citation omitted).

Notwithstanding the fact "that dismissals with prejudice . . . are drastic sanctions," *Poulis*, 747 F.2d at 867, the Court finds that the *Poulis* factors warrant dismissal here.

This action is now in a procedural posture for trial, which is set to begin in approximately one month. However, neither this Court, nor Defendants' counsel, is aware of whether Plaintiff intends on attending trial or pursuing this action. Nor is Defendants' counsel able to properly prepare for trial, in the absence of any communication from Plaintiff. The delays caused by Cieniawa in failing to communicate with this Court and Defendants' counsel are highly prejudicial to Defendants, in that Plaintiff's lack of communication and unavailability largely prevent Defendants from being able to prepare for trial and prevent Defendants from fully complying with this Court's trial scheduling Order. *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (explaining that prejudice "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy. Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to

expend costs to obtain court orders for compliance.")(internal citation and quotation marks omitted).[2]

The current situation is entirely the fault of Plaintiff who has failed to file a brief in opposition to Defendants' pending motion, disregarded this Court's Order directing him to file a response to Defendants' current motion and who, according to Defendants' counsel, has not responded to counsel's requests that he contact them (see Doc. 68, at 2, 3; Docs. 68-1, 68-2).[3] In fact, Cieniawa has not filed any documents in this action since his counsel was permitted to withdraw in September of 2020, including, as previously noted, a request to extend the stay in this action, any correspondence indicating whether he was attempting to retain counsel or intended to pursue this action *pro se*, and now, a response to Defendants' motion and this Court's Order. These facts all lend support to an inference that Plaintiff may have abandoned this action. As a plaintiff proceeding *pro se*, Cieniawa is entirely responsible for timely responding to any Court Orders, as well as communicating with counsel for the opposing party when necessary. *See Briscoe*, 538 F.3d at 258-259 ("it is logical to hold a pro se plaintiff personally responsible for delays in his case because a

---

[2] As previously set forth, trial in this matter is scheduled to commence on July 19, 2021. (Doc. 65). The Court's Order also directs that a pre-trial conference will be held on July 9, 2021 and requires that the parties jointly confer on a number of issues prior to that conference. In light of Plaintiff's lack of communication, Defendant is unable to comply with portions of this Court's scheduling order, causing them further prejudice in attempting to prepare for trial.

[3] Although the Court is confident that Defendants' counsel has presented an accurate representation of their inability to get in contact with Cieniawa, the Court emphasizes that its finding that the majority of the *Poulis* factors have been met is based on this Court's personal observations of Plaintiff's lack of communication with the Court and failure to respond to any filings on the docket, including this Court's Order that Cieniawa respond to the pending motion to dismiss.

pro se plaintiff is solely responsible for the progress of his case. . . ."). Additionally, to the extent that Plaintiff did not receive Defendants' Motion to Dismiss because he has a new address, as this Court informed Plaintiff in its Order of May 21, 2021, "Plaintiff, acting *pro se*, is reminded that he has an affirmative duty to 'maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party', M.D.Pa. L.R. 83.18." (Doc. 69, n.1). Despite receiving this Court's Order, as evidenced by the signed certified mail receipt (Doc. 70), Plaintiff has not taken any action to contact the Court or update his address of record.

Cieniawa's failure to respond to any of the Court's Orders or to the Defendants' Motion to Dismiss has now placed this case in an uncertain posture, without the ability for this Court, and the Defendants, to move this case to completion. Furthermore, the Court can only conclude that this conduct was "willful," in that, since the time his counsel was permitted to withdraw over 8 months ago, Plaintiff has failed to ever file any documents, including responses to Court Orders and opposing counsel's motion.

Thus, *Poulis* factors (1), (2), and (4) are clearly satisfied.

The Court also concludes that sanctions other than dismissal would not be effective. Plaintiff is proceeding *pro se*. Plaintiff is unrepresented and there is no reason to believe that he may be able to pay any form of monetary sanction. Here, Plaintiff has not filed any documents of record since being deemed to be proceeding *pro se*, and, as explained, has failed to respond to, or even acknowledge, any Court Order and other filing since

September of 2020. Plaintiff was provided notice by this Court that a failure to respond to Defendants' Motion to Dismiss may result in dismissal of this action (*see* Doc. 69, ¶ 1), and he has been provided sufficient time to file a response to Defendants' Motion or request that this Court provide him with additional time to address the motion. Cieniawa was thus given every opportunity to continue his case, proceed to trial, and avoid dismissal. *Poulis* factor (5) is therefore also satisfied.

This leaves the sixth factor, the meritoriousness of Plaintiff's claim. While one of Plaintiff's claims against several defendants survived summary judgment, and thus may be meritorious, the mere potential for merit cannot be enough to salvage the case when Plaintiff has been on notice since December 22, 2020, that a trial is scheduled to commence in his case on July 19, 2021 (Doc. 65), and he has failed to respond to this Court's Order or the Defendants' motion, and has purportedly not been in contact with Defendants' counsel to address preparations for trial. However, even assuming that the sixth factor is neutral or weighs against dismissal, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindex v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Because *Poulis* factors (1), (2), (4), and (5) weigh heavily in favor of dismissal, the Court finds sufficient justification to dismiss the case.[4]

---

[4] The Court finds the third *Poulis* factor, "history of dilatoriness", to be neutral. Although Plaintiff has not filed any documents since becoming *pro se*, he was not technically under an obligation to respond to any filings on the docket since that time other than Defendants' Motion to Dismiss (Doc. 67) and this Court's last Order (Doc. 69). It is not clear that a failure to respond to these two filings, in itself, is sufficient to find a "history of dilatoriness". *See Briscoe*, 538 F.3d at 261 (explaining that "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'").

## III. CONCLUSION

For the foregoing reasons, the Defendants' "Motion to Dismiss for Failure to Prosecute Pursuant to F.R.C.P. 41(b)" (Doc. 67) will be granted. A separate Order follows.

*[signature]*

Robert D. Mariani
United States District Judge